UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No. |
| | : | |
| v. | : | |
| | : | |
| **KIMBERLY HOWARD,** | : | VIOLATIONS:  18 U.S.C. § 371 |
| | : | (Conspiracy) |
| **Defendant.** | : | |

**I N F O R M A T I O N**

The United States informs the Court:

**COUNT ONE**

Introduction

At all times material to this Information:

1. American Express and VISA were companies which issued credit cards and had activity which affected interstate commerce.

2. Credit card numbers were "access devices" in that they could be used, alone or in conjunction with the expiration date, to obtain money, goods, services, or anything of value.

3. Magruder's #18, located at 5626 Connecticut Avenue, N.W., Washington, D.C. ("Magruder's"), was a grocery store which sold staple food items, meats, produce, dairy products and household supplies. Customers of Magruder's purchased items using a variety of payment methods including paying with credit cards. For each credit card transaction, Magruder's maintained receipts which contained credit card numbers and expiration dates of the customers' credit cards.

4. Defendant Kimberly Howard worked as a cashier at Magruder's from in or about August 2003 to January 2004.

## CONSPIRACY

5. From in or before August 2003, and continuing thereafter through until at least March 2004, in the District of Columbia and elsewhere, defendant, KIMBERLY HOWARD did unlawfully, willfully, and knowingly conspire, combine, confederate, and agree with other persons known to the United States to commit crimes against the United States, that is, knowingly and with intent to defraud effected transactions with one or more access devices issued to another person or persons to receive payment or any other thing with an aggregate value exceeding $1,000, that is, Access Device Fraud, in violation of Title 18, United States Code, Section 1029.

## GOAL OF THE CONSPIRACY

6. It was a goal of the conspiracy that defendant KIMBERLY HOWARD and her co-conspirators would fraudulently acquire goods and services by:

   a. stealing credit card receipts containing credit card numbers and credit card expiration dates of Magruder's customers ("victim information");

   b. using the victim information to purchase merchandise on behalf of third parties, who, upon delivery of the merchandise, paid a co-conspirator a fraction of the retail value of the delivered merchandise.

## MANNER AND MEANS

7. It was a part of the conspiracy that defendant HOWARD, stole credit card receipts containing victim information from Magruder's.

8. It was further part of the conspiracy that defendant HOWARD gave the stolen credit card receipts to a co-conspirator in exchange for $150.

9. It was a further part of the conspiracy that a co-conspirator, while in the District of Columbia, used the victim information to purchase merchandise from stores located outside the District of Columbia and requested that the purchased merchandise be delivered to various addresses within the District of Columbia.

10. It was a further part of the conspiracy that upon receipt of the merchandise, the recipients of the merchandise would pay a co-conspirator a cash amount equal to approximately one-third the retail value of the merchandise he received.

11. It was a further part of the conspiracy that a co-conspirator would pay other co-conspirators a portion of the cash he received from the recipients.

12. It was a further part of the conspiracy that defendant HOWARD, in part and in conjunction with other co-conspirators caused an actual loss to American Express and VISA in excess of $125,700, in that a co-conspirator used more than one unauthorized access device that had been obtained by defendant HOWARD from Magruder's, during a one-year period, and by such conduct obtained things of value in excess of $1,000.

## OVERT ACTS

13. In furtherance of the conspiracy and to effect the objects thereof, defendant HOWARD and other members of the conspiracy committed the following overt acts in the District of Columbia and elsewhere:

a. Between in or about August 2003, through in or about January 2004, in the District of Columbia, defendant HOWARD, stole credit card receipts containing credit card numbers and credit card expiration dates of Magruder's customers from Magruder's.

b. Between in or about August 2003, through in or about October 2003, defendant HOWARD gave the stolen credit card receipts to a co-conspirator in exchange for $150.

c. On or about December 24, 2003, a co-conspirator purchased $3609.74 flooring costing $3609.74 from the Home Depot using the credit card number belonging to victim W.T.; the co-conspirator obtained the victim's credit card number from the stolen Marguder's credit card receipts.

d. On or about December 24, 2003, a co-conspirator used the telephone to place orders for merchandise from a Home Depot store located outside the District of Columbia and requested that the purchased merchandise be delivered to 915 Allison Street, N.W., within the District of Columbia.

e. On or about December 30, 2003, in the District of Columbia, a co-conspirator accepted delivery of the aforementioned merchandise, at 915 Allison Street, N.W., within the District of Columbia.

(Conspiracy, in violation of Title 18, United States Code, Section 371).

KENNETH L. WAINSTEIN

United States Attorney
for the District of Columbia

By: _____
RONALD W. SHARPE
Assistant United States Attorney
D.C. Bar # 434575
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W.
Washington, D.C.  20530
(202) 353-9460